## D. B. RANKIN *v.* A. L. ANDERSON *et al.*

CHANCERY PLEADING AND PRATICE. *Power to appoint administrator. Location of property to authorize.* Where a bill, seeking to have an administrator appointed, alleges that the deceased's "estate, goods, chattels and effects" were in a certain district at the time of his death, allegation will be sufficient, under the statute, to give the chancery court of that district jurisdiction, as well as if the residence of the party at that time had been averred to be there.

Code cited: sec. 2209, art. 2, ch. 2.

---

### FROM HAMILTON.

---

Appeal from the Chancery Court. D. M. KEY, Chancellor.

VANDYKE, COOK & VANDYKE for Complainant.

TURLEY & RANKIN and CLIFF & MAXWELL for defendant.

FREEMAN, J., delivered the opinion of the court.

This bill is filed for an administration of the estate of James M. Anderson, deceased, in the chancery court, under art. 2, ch. 2, sec. 2209, *et seq.*, of the Code. A demurrer was filed, which was sustained by the chancellor, and an appeal to this court.

The first cause of demurrer assigned is, that complainant's bill has no such averments and allegations as would give the court jurisdiction. We need but

say that this is a general demurrer, putting in issue the whole frame of the bill without pointing out any special defect, and cannot be noticed.

The second cause is, that "complainant's bill does not show that the deceased at the time of his death resided within the State of Tennessee, or within the jurisdiction of the court.

Sec. 2209 of the Code is as follows: "The chancery court of the district in which any person resided at the time of his death, or in which his estate, goods and chattels or effects were at the time of his death, may appoint an administrator, when six months have elapsed from the death and no person will apply or can be procured to administer on the estate."

The allegation of the bill is, that said Anderson died in March, 1865, owning at the time of his death, in his own right, personal estate worth from two to five hundred dollars, perhaps more, and real estate worth from two to five thousand dollars, said estate situated in the counties of Sequatchie and Hamilton, in the State of Tennessee, the interest in real estate being an undivided one, in lands descended from the father of said Anderson. It is true it is not shown that the debtor resided in the district at the time of his death, but we think it is sufficiently averred "his estate, goods and chattels, or effects," were in the district at the time of his death, and this gives the jurisdiction as well as residence of the party at that time, by the language of the section. The estate being charged as being in both the counties of Hamilton and Sequatchie, the chancery court of either county

would have jurisdiction to grant administration under the section of the Code.

We therefore hold, the chancellor erred in sustaining the demurrer and dismissing the bill. We reverse his decree, and remand the case to be further proceeded in, the costs of this court and the demurrer to be paid by respondents.